ROBERT DUNN, Secretary Department of Administration
This is in reply to your letter dated April 21, 1976, requesting my opinion as to the application of sec. 100.31, Stats., created by ch. 168, Laws of 1975, to purchases of drugs made by the state and local units of government.
In general, sec. 100.31 requires a seller of drugs to make available to all purchasers the same price schedules, trade discounts and promotional allowances as the seller offers or grants to its most favored purchaser. A seller who violates the law may be subjected to actions for treble damages brought by purchasers to whom the same prices and related trade opportunities are not made available.
Section 100.26 (1), Stats., provides that a violation of sec.100.31 constitutes a misdemeanor. Since a criminal offense is involved, a strict construction of sec. 100.31 is required and any ambiguity therein should be resolved in favor of potential violators.
Section 100.31 (1) (C) defines "purchaser" as "any person who engages primarily in selling drugs directly to consumers" (emphasis added).
It is an established principle that the antitrust laws, which include price discrimination laws, are to be construed liberally, and that the exceptions from their application are to be construed strictly. Abbott Laboratories, et al. v. PortlandRetail Druggists Assn., Inc., et al. (March 24, 1976),96 S.Ct. 1305 (1976), 1976-1 Trade Cases paragraph 60, 781. In construing price discrimination laws, the federal and state courts consistently have stated that the legislative purpose of such laws is to curb and prohibit all devices by which large buyers gain discriminatory preferences which give *Page 60 
them unfair competitive advantages over smaller ones by virtue of their greater purchasing power. However, it seems unlikely, for reasons discussed below, that either the state or local units of government will be substantial competitors of the private sector in the retailing of drugs to consumers.
The main question is whether the state, or local units of government, are purchasers engaged primarily in selling drugsdirectly to consumers. The answer to this ultimately must be determined on the basis of the specific facts involved. However, appropriate guidelines, which will protect the public treasury, concerned sellers and competing retailers, are found in the recent decision of the United States Supreme Court in AbbottLaboratories, supra. In that case, a group of commercial pharmacies brought action against 12 drug manufacturers, charging that by selling drugs to certain hospitals, each of which had a pharmacy, at prices lower than those charged to the plaintiffs, the defendants violated the federal price discrimination law. The main issue was whether the challenged sales were exempt under the Nonprofit Institutions Act, which excludes from the application of the price discrimination law purchases of supplies by nonprofit institutions and organizations "for their own use."
Section 100.31 does not contain any express exemption for drug purchases made by any governmental body or nonprofit institution. However, it is my opinion that the same standards as the court used in determining what drug purchases were for the hospitals "own use" in the Abbott Laboratories case, also should be followed in determining whether or not the state or any local unit of government is a purchaser engaged "primarily in selling drugs directly to the public" under sec. 100.31, Stats.
Drug purchases made by state and local governmental bodies ordinarily are intended for use in the care of patients in publically funded institutional operations and public health care facilities. Drugs used therein usually are not sold directly to the patient but, rather, are dispensed in the course of providing a health care service. Accordingly, applying the reasoning of the Abbott Laboratories case, drug purchases by the state and local units of government are exempt from sec. 100.31 if the drugs are dispensed:
 1. To the inpatient for use in his treatment at the health care facility. (An inpatient is one admitted for at least overnight bed occupancy.) *Page 61 
 2. To the patient admitted to an emergency facility for use in the patient's treatment there.
 3. To the outpatient for personal use on the health care facility premises. An outpatient is one, other than an inpatient or a patient admitted to the emergency facility, who receives treatment or consultation on the premises.
 4. To the inpatient, or to the emergency facility patient, upon his discharge and for his personal use away from the premises.
 5. To the outpatient for personal use away from the premises.
 6. To the health care facility's employe or student for personal use or for the use of his dependent.
 7. To the physician who is a member of the health care facility's staff, but who is not its employe, for personal use or for the use of his dependent.
Section 100.31 also would not apply to drugs furnished without charge by a governmental agency as part of any other type of public health program.
Purchases by the state and local units of government for the following types of dispensation are not exempt if they are sold:
 1. To the former patient, by way of a renewal of a prescription given when he was an inpatient, an emergency facility patient, or an outpatient.
 2. To the physician, who is a member of the health care facility's staff, for dispensation in the course of the physician's private practice away from the health care facility.
 3. To the walk-in customer who is not a patient of the health care facility.
Since most drugs purchased by the state and local units of government primarily are put to the exempted uses described above, it is my opinion that those governmental bodies would not be a "purchaser" under sec. 100.31, Stats., and sellers can offer them pricing arrangements which are not made available to other purchasers.
BCL:DAM *Page 62